**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHNNY SWANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2677** |
| **WARDEN ROBERT C. TANNER** | **SECTION "A"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Johnny Swank, a state prisoner, filed this *pro se* and *in forma pauperis* complaint

against Warden Robert C. Tanner.  In the complaint, plaintiff stated his claim as follows:

On February 15, 2011, I Johnny Swank 438338 and other members of the Wiccan Religious Group was summoned to appear before Warden Bickman and Warden Cook for the purpose of confiscation of personal use items such as, stones, feathers, prayers clothes, wand, small container, medallion, Tarot or Rune Cards. We believe these are essentially an important part of our daily prayers.

As a group we were also informed that the decision didn't come from any known Wiccan Organisation in the United States, the received their information from Canda [sic].[1]

As relief, he seeks monetary damages and the return of his religious items.[2]

---

[1]  Rec. Doc. 1, p. 3.  From defendant's motion, it appears that "Warden Bickman" may in fact be named "Warden Bickham."

[2]  Rec. Doc. 1, p. 4.

Warden Tanner has filed a motion for dismissal and for a more definite statement.[3]  Plaintiff

has filed two letters with the Court which are hereby construed as memoranda in opposition to that

motion.[4]

## I.  Rule 12(b)(6)

Pursuant to Fed.R.Civ.P. 12(b)(6), Warden Tanner seeks dismissal of the claims against him

for monetary damages.  "Rule 12(b)(6) allows a defendant to move to dismiss a complaint for

'failure to state a claim upon which relief can be granted.'" Drs. Bethea, Mostoukas and Weaver

LLC v. St. Paul Guardian Insurance Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Fed.R.Civ.P.

12(b)(6)).   A complaint fails to state a claim on which relief may be granted when the plaintiff does

not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The

United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has acted
> unlawfully.  Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and plausibility of
> entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

---

[3]  Rec. Doc. 7.

[4]  Rec. Docs. 9 and 10.

As Warden Tanner notes, there are no allegations whatsoever against him in the complaint. Instead, the complaint makes allegations only against Wardens Bickman and Cook, two individuals who are not named as defendants herein. While Tanner is apparently their superior officer, "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008).

Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Both Tanner and plaintiff in his subsequent filings[5] appear to suggest that the complaint named Tanner as a defendant for his supposed role in implementing or following policies concerning the retention and use of religious items. Clearly, a supervisory official such as Tanner can be held personally liable for implementing an unconstitutional policy. See, e.g., Mouille v. City of Live Oak, Texas, 977 F.2d 924, 929 (5th Cir. 1992) ("Supervisory officials may be held liable ... if ... they ... implement unconstitutional policies that causally result in plaintiff's injury."). Tanner contends, however, that he is entitled to qualified immunity with respect to any claim for monetary damages in this case because he in fact had no such personal role in implementing the policy at issue. He contends that the instructions and policies regarding limitations on Wiccans' possession of religious items came not from him but instead

---

[5]   See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (a *pro se* plaintiff's subsequent documents which embellish the complaint's original averments are to be considered as amendments to the complaint).

directly from his superiors at the Louisiana Department of Public Safety and Corrections ("DOC").

That, however, simply is not evident at this stage of the proceeding. Both the attachments to plaintiff's complaint and to Tanner's motion indicate that the DOC policies in question were not issued until *after* plaintiff's religious items were confiscated. Plaintiff alleges in his complaint that his items were confiscated on February 15, 2011, and he attached to his complaint an administrative grievance "Second Step Response Form" issued to him by DOC which states in pertinent part:

> Your allegations have been considered. *Since the time of you filing your grievance,* Headquarters distributed a memo to the Wardens of the institutions stating a list of approved items for use in Wicca corporate religious services. This memo not only states what items have been approved but it also states that the items are not intended to be kept in the offender's living area. The items are to be maintained at all times in a secure area designated by the Warden or his designee and used when assembly/group meets for regular scheduled worship service(s). The only items that may be maintained as part of your personal property is Book of Shadow, Books/Magazines (only from publisher) and Prayer Cloth. As such, this office finds no further investigation is warranted.[6]

Moreover, in connection with his motion, Tanner furnished an actual copy of that memorandum which is dated March 15, 2011, after plaintiff's items were confiscated.[7]

Therefore, it is unclear whether the actions of Bickman and Cook were based on a policy formulated and implemented by Tanner or, instead, by other unknown persons at DOC. In light of that uncertainty, the motion to dismiss should be denied.[8]

---

[6] Rec. Doc. 1, p. 7 (emphasis added).

[7] Rec. Doc. 7-4.

[8] Denial of the motion to dismiss does not, of course, preclude Tanner from filing a motion for summary judgment, with his accompanying evidence on this issue, at a later stage of this proceeding.

## II.  Rule 12(e)

With respect to the claims against him for injunctive relief, Warden Tanner seeks a more definite statement pursuant to Fed.R.Civ.P. 12(e).  In pertinent part, that Rule provides:  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  When seeking a more definite statement, a party "must point out the defects complained of and the details desired." Fed.R.Civ.P. 12(e).

While Rule 12(e) motions are allowed, they are "disfavored" and are "universally deemed appropriate only" when the pleading at issue is vague that the opposing party is unable to respond. Prudhomme v. Proctor & Gamble Co., 800 F. Supp. 390, 396 (E.D. La. 1992).  Therefore, such a motion "is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Frazier v. Southeastern Pennsylvania Transportation Authority, 868 F. Supp. 757, 763 (E.D. Pa. 1994).  Most certainly, a motion for a more definite statement may *not* be used as a substitute for discovery.  Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).  "A party may employ Rule 12(e) to enforce the minimum requirement of notice pleading; but where matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted." Ross v. Texas, Civ. Action No. H-10-2008, 2011 WL 5978029, at *7 (S.D. Tex. Nov. 29, 2011).

Tanner complains that plaintiff has not included within his complaint sufficient factual allegations to explain precisely how his ability to practice his religion has been adversely affected. However, as the United States Supreme Court has explained:  "Federal Rule of Civil Procedure

5

8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation marks and ellipsis omitted). So long as the allegations of the complaint are sufficient to put a defendant on notice of the claim against him, the simplified notice pleading standard applicable in federal court is met, and a defendant should turn to the other tools in his arsenal, such as the "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Moreover, it must be remembered that plaintiff is not a lawyer; rather, he is a prisoner with no legal education and limited legal resources. Therefore, he is entitled to have his filings liberally construed and "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Court is opinion that the complaint was sufficient to put Tanner on notice that plaintiff was asserting a First Amendment claim by virtue of his allegations that his religious items were confiscated and that Wiccans such as himself "believe these are essentially an important part of our daily prayers."[9] Moreover, plaintiff has now offered additional information about the Wiccan religion and the use of such items in his memoranda in opposition to the defendant's motion. Therefore, even if the allegations of the original complaint were too scant to suffice, those subsequent filings embellishing the complaint's original averments are sufficient to put the

---

[9] Rec. Doc. 1, p. 3.

defendant on notice of the First Amendment claim being asserted. To the extent that Tanner desires more information, he should conduct discovery.

Tanner also argues that the complaint was unclear as to whether plaintiff is asserting an equal protection claim in addition to his First Amendment claim. On that point, the Court agrees. However, any vagueness or ambiguity in that respect has also now been resolved in light of plaintiff's memoranda in opposition to the instant motion. In those memoranda, plaintiff makes clear that he believes that Wiccans are subjected to discrimination and treated differently that adherents of other religions and denominations, specifically include Protestants, Catholics, and Muslims. Accordingly, Tanner now has sufficient notice of this *pro se* plaintiff's assertion of an equal protection claim. Again, if further information is needed to respond to that claim, Tanner may obtain that information through discovery.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendant's motion for dismissal and for a more definite statement, Rec. Doc. 7, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this thirteenth day of March, 2012.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[10] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.